IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| UNITED STATES OF AMERICA | ) | |
| --- | --- | --- |
| | ) | |
| v. | ) | Criminal Action No. 3:19-CR-128–HEH |
| | ) | |
| TRAVIS AARON BALL, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION**
(Denying Defendant's Motions to Dismiss Indictment)

This action involves the United States of America's federal prosecution of Defendant Travis Aaron Ball ("Defendant") for possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1). This federal prosecution follows Defendant's Capital Murder conviction under Virginia state law in the Circuit Court of the City of Richmond. That case involved the killing of a Virginia State Police Special Agent. Presently before the Court are Defendant's two Motions to Dismiss the underlying Indictment and bar federal prosecution (ECF Nos. 13, 14). Defendant primarily contends that his prosecution federally on a related firearm charge is precluded by the Due Process Clause of the Fifth Amendment to the United States Constitution, as impermissibly vindictive and time-barred. Both Defendant and the United States (the "Government") have filed memoranda supporting their respective positions, and the Court heard oral

argument on February 3, 2020.[1] At that hearing, the Court indicated to the parties that it would deny Defendant's Motions to Dismiss.

On September 27, 2018, pursuant to a plea agreement, Defendant entered an *Alford* Plea to one count of Capital Murder in the Circuit Court of the City of Richmond for the killing of Virginia State Police Special Agent Michael Walter. Under the terms of that plea agreement, on October 11, 2018, Defendant was sentenced to life in prison, with all but 36 years suspended.

On September 17, 2019, Defendant was indicted by a federal grand jury for possession of a firearm by a convicted felon (ECF No. 1). This charge arises out of the same course of events for which Defendant was convicted of Capital Murder in state court. Defendant was arraigned before this Court on the federal charge on November 6, 2019. At his arraignment, Defendant entered a plea of not guilty.

Defendant then filed the Motions to Dismiss that are presently before the Court. Defendant first argues that prosecution in this Court, following his prosecution and conviction in state court, violates the Double Jeopardy Clause of the Fifth Amendment. Pursuant to the Fifth Amendment, no person shall "be subject for the same offence to be twice put in jeopardy of life or limb." U.S. CONST. amend. V. This is known as the

---

[1] Defendant was originally represented by the Federal Public Defender's Office, who filed the Motions to Dismiss on Defendant's behalf. By Order issued on January 2, 2020 (ECF No. 26), that Office was relieved of representation due to a potential conflict, and the Court appointed CJA counsel to represent Defendant in this matter. Accordingly, the Court will deny Defendant's Consent Motion for Extension of Reply Deadline as moot (ECF No. 23). At a status hearing before the Court on January 9, 2020, Defendant's new counsel informed the Court that it would adopt the Motions to Dismiss previously filed by the Public Defender's Office. Counsel was given the opportunity to file supplemental briefs; however, none have been filed.

2

Double Jeopardy Clause, which "protects a criminal defendant from repeated prosecutions for the same offense." *Oregon v. Kennedy*, 456 U.S. 667, 671 (1982) (citing *United States v. Dinitz*, 424 U.S. 600, 606 (1976)).

However, Defendant's double jeopardy argument is foreclosed by the United States Supreme Court's recent decision in *Gamble v. United States*, 139 S. Ct. 1960 (2019). The Supreme Court stated that

> We have long held that a crime under one sovereign's laws is not "the same offence" as a crime under the laws of another sovereign. Under the "dual-sovereignty" doctrine, a State may prosecute a defendant under state law even if the Federal Government has prosecuted him for the same conduct under a federal statute. Or the reverse may happen, as it did [in that case].

*Gamble*, 139 S. Ct. at 1964. Clarifying that this doctrine is not an exception to the Double Jeopardy Clause but instead the clear reading of its text, the Supreme Court reaffirmed 170 years of precedent and held that "where there are two sovereigns, there are two laws, and two 'offences.'" *Id.* at 1964–65. Thus, the federal government's prosecution of an individual under a federal law after a state's prosecution for the same conduct under a state law does not violate that individual's Fifth Amendment rights. *See id.* at 1964–66.

Despite *Gamble* and its reaffirmance of 170 years of precedent, Defendant asks this Court to find *Gamble* inapplicable because he argues that the prosecution in this case is based upon the Government's dissatisfaction with the sentence imposed by the state court. However, this Court is bound by the United States Supreme Court and its mandates. Furthermore, the Court in *Gamble* undoubtedly considered and rejected Defendant's argument when it recognized "that a crime

3

against two sovereigns constitutes two offenses because each sovereign has an interest to vindicate." *Id.* at 1967. This is further emphasized by the fact that Defendant's concern was raised in a dissent, yet was rejected by a majority of the Court. *See id.* at 1996 (Gorsuch, J., dissenting) ("So if all the might of one 'sovereign' cannot succeed against the presumptively free individual, another may insist on the chance to try again. And if both manage to succeed, so much the better; they can add one punishment on top of the other.").

Thus, Defendant's state charge is not the "same offence" as his federal charge under the Double Jeopardy Clause of the Fifth Amendment.[2] Accordingly, pursuant to the "dual-sovereignty" doctrine, Defendant's double jeopardy argument is without merit.[3]

---

[2] In *Gamble*, the defendant was convicted in state court for possession of a firearm by a convicted felon, and then was charged by the United States in federal court pursuant to its own felon-in-possession law. 139 S. Ct. at 1964. The Supreme Court "assume[d], without deciding, that the state and federal offenses at issue [satisfied] the other criteria for being the 'same offense'" under the Double Jeopardy Clause. *Id.* at 1964 n.1 (citing *Blockburger v. United States*, 284 U.S. 299, 304 (1932)). In *Blockburger*, the Supreme Court articulated that "where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not." 284 U.S. at 304; *see also United States v. Harris*, 64 F.3d 660 (4th Cir. 1995) (unpublished table decision). Thus, not only is a double jeopardy argument foreclosed when two different sovereigns bring charges based on the same course of events, but the Double Jeopardy Clause is not implicated when the offenses require different facts to be proven at trial.

In this case, Defendant was charged and convicted in state court for Capital Murder pursuant to Va. Code Ann. § 18.2-31(6), an offense that requires different elements and facts to be proven than the federal charge at issue—possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1)—and vice versa. Thus, not only is Defendant's double jeopardy argument foreclosed pursuant to *Gamble*, but it also fails under the test articulated in *Blockburger*—which defense counsel seemingly conceded at the Motions hearing.

[3] At the Motions hearing, defense counsel offered an "equitable" double jeopardy argument— that the state prosecutors did not intend for Defendant to be charged with any additional offense

4

Defendant next contends that the Government's prosecution of Defendant on the firearm charge constitutes vindictive prosecution in violation of the Due Process Clause of the Fifth Amendment. The United States Court of Appeals for the Fourth Circuit has held that, in order for the defendant "[t]o establish prosecutorial vindictiveness, [he] 'must show, through objective evidence, that (1) the prosecutor acted with genuine animus toward the defendant and (2) the defendant would not have been prosecuted but for that animus.'" *United States v. Jackson*, 327 F.3d 273, 294 (4th Cir. 2003) (quoting *United States v. Wilson*, 262 F.3d 305, 314 (4th Cir. 2001)).

"If a defendant is unable to demonstrate the required animus, he may still present evidence of 'circumstances from which an improper vindictive motive may be presumed.'" *Id.* (quoting *Wilson*, 262 F.3d at 314). However, "such a presumption is warranted only when circumstances warrant it for all cases of the type presented." *Id.* (quoting *Wilson*, 262 F.3d at 315). Furthermore, "the circumstances must be evaluated against the background presumption that charging decisions of prosecutors are made in the exercise of broad discretion and are presumed to be regular and proper." *Id.* (quoting *Wilson*, 262 F.3d at 318).

---

arising out of the May 26, 2017 course of events, as evidenced by the plea agreement the parties entered in state court. (*See* State Plea Agreement ¶ 4, ECF No. 13-1.) However, as stated in that agreement, it was the Commonwealth, not the United States, that agreed not to pursue further charges, and the Commonwealth cannot bind the federal government to such an agreement, which defense counsel conceded.

5

Importantly, "courts must . . . be cautious not to intrude unduly in the broad discretion given to prosecutors in making charging decisions. Indeed, a prosecutor's charging decision is *presumptively lawful.*" *Wilson*, 262 F.3d at 315 (emphasis added) (citing *United States v. Armstrong*, 517 U.S. 456, 465 (1996)). Accordingly, "even before a court allows a defendant to have discovery on the government's prosecutorial decisions, the defendant must overcome a significant barrier by advancing objective evidence tending to show the existence of prosecutorial misconduct." *Id.*

In the present case, Defendant argues that the Government is bringing this federal prosecution because it is dissatisfied with the sentence Defendant received in state court—a sentence he had a legal right to negotiate. However, Defendant relies on news articles showing state prosecutors and law enforcement officers, not federal, were disappointed with his state sentence.[4] Moreover, this argument again

---

[4] Defendant also asserts that state prosecutors have worked with the federal government to initiate this federal prosecution in retaliation for the exercise of his legal rights in state court. At the Motions hearing, defense counsel asked the Court for the opportunity to conduct discovery to determine whether there were communications between the two sovereigns to bring the federal charge and whether there was a vindictive motivation.

    Not only has Defendant not offered any evidence of this allegation, but again, Defendant has not offered any evidence that federal prosecutors have brought this claim in order to retaliate against him. *See Wilson*, 262 F.3d at 316–20 ("Finally, but not the least important is the fact that the prosecutor charged with vindictiveness in this case was different—indeed, she is in a different office—from the prosecutor who brought the charge that [the defendant] successfully appealed. Even if a presumption of vindictiveness could have attached on these facts to a charging decision made by the U.S. Attorney for the District of South Carolina, we could not, on this record, impute the improper motivation to the U.S. Attorney for the Eastern District of North Carolina."). Furthermore, the Government has categorically denied that there were any conversations with the Commonwealth prior to its initiation of the present federal prosecution.

    Accordingly, because he has failed to satisfy the necessary standard, Defendant's request at the Motions hearing for discovery on this issue will be denied. *See id.* at 315.

belies the fact that two sovereigns may pursue separate prosecutions and vindicate their own interests. *See Gamble*, 139 S. Ct. at 1964, 1966–67; *see also United States v. Young*, No. 98-4443, 1999 WL 401488, at *2 (4th Cir. 1999) (unpublished table decision) ("[V]indictiveness cannot be inferred simply because the prosecutor's actions followed the exercise of a right, or because they would not have been taken but for exercise of a [defendant's] right. Moreover, the fact that a second prosecution is brought by a federal prosecutor, even if the indictment is based on the same facts as a prior state prosecution, tends to negate a vindictive prosecution claim." (internal citations and quotations omitted)).

Furthermore, this line of reasoning has been considered and rejected by the Fourth Circuit. In *Jackson*, after the defendant was sentenced in state court, the United States brought charges arising out of the same conduct. 327 F.3d at 281. The defendant in that case also raised double jeopardy and vindictive prosecutions claims. *Id.* at 294–95. The defendant identified numerous "purported indicia of vindictiveness," including the federal government's six-year delay in prosecuting him, the federal government's intention to seek the death penalty after he had already received a 30-year sentence in state court, and the federal government's refusal to honor and follow its own internal policy and death penalty protocol. *Id.* at 294.

The Fourth Circuit rejected the defendant's vindictive prosecution claim, finding that there was "nothing in [the] record that demonstrates the requisite

animus to the defendant, nor can we find the circumstances giving rise to a presumption of such animus." *Id.* Importantly, the Fourth Circuit articulated that

> The government's delay in prosecution was based on its decision to defer to State authorities and to see whether federal interests would be vindicated. . . . Concluding that its interests were not vindicated, federal prosecutors initiated this case seven months later . . . . We conclude that no adverse inference could be drawn from this delay in these circumstances.

*Id.*

Defendant also argues that the Government's refusal in plea discussions to recommend a concurrent prison sentence or limit what sentence it pursues within the statutory penalty range shows prosecutorial vindictiveness. However, these determinations rest within the province of the executive branch and the prosecutors who seek to vindicate society's interests. *See United States v. Goodwin*, 457 U.S. 368, 377–80 (1982); *see also Wilson*, 262 F.3d at 315 ("Because the presumption of vindictiveness must be applicable to all cases presenting the same circumstances, it will rarely, if ever be applied to prosecutors' pretrial decisions."); *United States v. Williams*, 47 F.3d 658, 661 (4th Cir. 1995) ("Although the state may not retaliate against a defendant for exercising his legal rights, 'in the "give-and-take" of plea bargaining, there is no such element of punishment or retaliation so long as the accused is free to accept or reject the prosecution's offer.'" (quoting *Bordenkircher v. Hayes*, 434 U.S. 357, 363 (1978))).

Accordingly, with respect to Defendant's vindictive prosecution claim, this Court, like the Fourth Circuit in *Jackson*, "can find nothing in this record that

8

demonstrates the requisite animus to the defendant, nor can [this Court] find the circumstances giving rise to a presumption of such animus." 327 F.3d at 294. This Court cannot conclude that Defendant's alleged indicia of vindictiveness overcome the presumption that the Government's decision to bring the present charge is anything but regular and proper. *See id.*; *see also Bordenkircher*, 434 U.S. at 364 ("[S]o long as the prosecutor has probable cause to believe that the accused committed an offense defined by statute, the decision whether or not to prosecute, and what charge to file or bring before a grand jury, generally rests entirely in his discretion.").

Defendant's final argument is that the Indictment should be dismissed for unnecessary delay pursuant to Fed. R. Crim. P. 48(b) because the Government's delay in initiating this federal prosecution was allegedly oppressive and purposeful. Under Rule 48(b), "[t]he court may dismiss an indictment, information, or complaint if unnecessary delay occurs in: (1) presenting a charge to a grand jury; (2) filing an information against a defendant; or (3) bringing a defendant to trial." Importantly, "[d]ismissal under Rule 48(b) is committed to the sound discretion of the district court." *United States v. Loe*, 586 F.2d 1015, 1019 (4th Cir. 1978).

Defendant argues that the Government unnecessarily waited over two years to charge him; however, Rule 48(b) "clearly is limited to post-arrest situations." *United States v. Marion*, 404 U.S. 307, 319 (1971); *see also United States v. Lovasco*, 431 U.S. 783, 789 n.8 (1977); *United States v. Daniels*, 698 F.2d 221,

9

223 (4th Cir. 1983); *United States v. Graves*, 3:18-CR-161, 2019 WL 1372160, at *3 (E.D. Va. Mar. 26, 2019). In this case, Defendant relies on alleged delays that occurred prior to his indictment and arrest on the present federal charge. However, Defendant does not allege any unlawful delay following his federal arrest. Furthermore, defense counsel appeared to concede the Rule 48(b) argument at the Motions hearing based upon his further review of the case law. Accordingly, the Court declines to exercise its discretion under Rule 48(b) to dismiss the Indictment.

Defendant is before this Court on the federal charge of possession of a firearm by a convicted felon after being charged and convicted in state court for Capital Murder. While the charges arise out of the same course of events, the federal charge Defendant is accused of committing is factually and legally distinct from the state charge for which he was convicted in state court. And importantly, the charges are brought by two different sovereigns, each of which is entitled to vindicate its own interests through separate prosecutions. As the Government has articulated, it certainly has strong interests in prosecuting this case, namely foreclosing convicted felons from illegally possessing firearms.

Accordingly, for these reasons, the Court finds that the Government's prosecution, based on the Indictment returned by the federal grand jury, does not violate Defendant's constitutional rights. Furthermore, the Court finds no compelling reason to dismiss the Indictment under Rule 48(b). Therefore, Defendant's Motions to Dismiss will be denied.

An appropriate Order will accompany this Memorandum Opinion.

/s/
Henry E. Hudson
Senior United States District Judge

Date: February 6, 2020
Richmond, VA